**BOPE, Ex Parte**

Ohio Appeals, 2nd Dist, Franklin Co

No 2729. Decided Oct 5, 1936

Loren C. Windom, Columbus, for appellant.

Harley E. Peters, City Solicitor, Columbus, for appellee, William A. Schneider, Mayor.

Alex S. Dombey, Columbus, for appellee, Andrews.

## OPINION

By BARNES, PJ.

The above entitled cause is in this court on appeal from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On the 24th day of July, 1936, John W. Bope filed his application in the Court of Common Pleas of Franklin County, Ohio, seeking a writ of habeas corpus, claiming that he was unlawfully restrained of his liberty by William Schneider, Mayor of the city of Bexley, Franklin County, Ohio, and Sergeant V. M. Andrews of the Ohio Highway Patrol. The claim is made that said restraint was without legal authority for the reason that the petitioner was arrested by said V. M. Andrews in Truro Township, Franklin County, Ohio, for a violation of §12603-1, GC; that said alleged violation occurred in Truro Township, and that the petitioner was then taken before the said William Schneider, Mayor of Bexley, in Marion Township, Franklin County, where the warrant for arrest was issued and trial of said cause set for July 25, 1936. The petition further sets out that all of said proceedings are contrary to §1558-55a, GC.

A writ was issued from the Common Pleas Court on July 24, 1936, and on August 22, 1936, the trial court, after hearing, found against complainant and ordered that he be remanded to the custody of the respondent.

Notice of intention to appeal was immediately filed and the cause is here presented on the original pleadings together with the transcript of docket and journal entries.

Counsel for the respective parties submit very full and comprehensive briefs, oral argument being waived.

The determination of the cause demands a consideration of §4528, GC, and §1558-55a, GC. These sections read as follows:

"Sec 4528 GC. (Jurisdiction and Duties). He shall have final jurisdiction to hear and determine any prosecution for a misdemeanor, unless the accused is, by the constitution, entitled to a trial by jury, and his jurisdiction in such cases shall be coextensive with the county, and in keeping his dockets and files making report to the county auditor, disposing of unclaimed moneys, and in purchasing his criminal docket and blanks for state cases, shall be governed by the laws, pertaining to justices of the peace."

"Sec 1558-55a GC. (Jurisdiction of justices of the peace and mayors in Franklin County). No justice of the peace in any township in Franklin County, other than Montgomery Township, or mayor of any village, in any proceeding, whether civil or criminal, in which any warrant, order or arrest, summons, order of attachment or garnishment or other process except subpoena for witnesses, shall have been served upon a citizen or resident of Columbus or a corporation having its principal office in Columbus, shall have jurisdiction, unless such service can be actually made by personal service within the township or village in which said proceedings may have been instituted, or in a criminal matter, unless the offense charged in any warrant or order of arrest shall be alleged to have been committed within said township or village."

The following facts of which we may take judicial knowledge are admitted in the briefs:

The municipality of Bexley, Franklin County, Ohio, is a city having a population of approximately 9000 people, and located within the bounds of Marion Township. The municipality of Bexley was organized as a village in 1909 and became a city in 1930 by reason of the fact that its population entitled it to that status. §1558-55a GC was enacted by the Legislature before Bexley reached the status of a city.

Truro Township, Franklin County, Ohio, within which the relator was arrested is not within the bounds of the city of Bexley or Marion Township but in fact is several miles distant therefrom.

The complaint against the relator was a violation of certain traffic laws as defined under §12603-1, GC, the same being a misdemeanor the penalty for which is a fine of not less than ten dollars nor more than $100.00. It is admitted that in the absence of §1558-55a, GC, the Mayor of Bexley under the provisions of §4528, GC, would have jurisdiction, but it is urged that this general jurisdiction conferred by the above section is limited by virtue of the provisions of §1558-55a, GC.

There can be no question that there is nothing in the express language of §1558-55a GC which in any way limits, restricts or denies the jurisdiction of the Mayor of the city of Bexley as is conferred under said §4528 GC.

What §1558-55a GC does say is that jurisdiction is denied to mayors of any village within Franklin County unless the offense

charged in any warrant or order of arrest shall be alleged to have been committed within said township or **village.**

Counsel for relator, notwithstanding the absence of any specific language denying the jurisdiction of mayors in cities in Franklin County, contend that, since §1558-55a GC was enacted prior to the municipality of Bexley becoming a city, jurisdiction to the mayor of Bexley would be denied thereby.

We are unable to follow counsel's reasoning. It is our conclusion that the trial court correctly determined the cause on the issues presented. §§3497 to 3515, GC, inclusive, contain the enabling provisions through which municipalities advance from villages to cities. Nothing contained therein even inferentially limits the jurisdiction of such municipalities advanced to the status of cities. In other words, the instant they become a city, all laws of the state applicable to cities apply.

We can see the force of the argument of counsel for relator that the law should be different, but we must accept it as we find it. The desired change can only come about by legislative action.

Relator's appeal will be dismissed at his costs. The case will be remanded to the Mayor's Court of the City of Bexley for further proceedings according to law.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.